IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MARTIN P. SHEEHAN, Trustee of
the Bankruptcy Estate of
John Charles Scotchel, Jr., and
Helen Holland Scotchel,**

   **Appellant,**

           //   CIVIL ACTION NO. 1:14CV197
                 (Judge Keeley)

**JOHN CHARLES SCOTCHEL, JR.,
and HELEN HOLLAND SCOTCHEL,**

   **Appellees.**

## MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT

As part of their Chapter 7 bankruptcy petition, the debtors, John Charles Scotchel, Jr. ("Mr. Scotchel") and Helen Holland Scotchel ("Mrs. Scotchel") (collectively, the "Scotchels"), claimed as an asset the estate of Mr. Scotchel's late uncle, Arthur P. Scotchel ("Arthur Scotchel"), who passed away in 2009. The asset was based on the Scotchels' belief that Mr. Scotchel was a beneficiary to Arthur Scotchel's estate under the Fourth Will (the most recent in a series of four wills executed by Arthur Scotchel). In March 2014, a state court jury rendered a verdict invalidating the Fourth Will, and no appeal followed. Consequently, Arthur Scotchel's Third Will, which disinherited Mr. Scotchel, took effect. Significantly, Mr. Scotchel is a beneficiary to the estate under Arthur Scotchel's Second Will.

**SHEEHAN v. SCOTCHEL, ET AL.**                                    **1:14CV197**

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

In April 2014, the Scotchels, pursuant to 11 U.S.C. § 554(b), moved the Bankruptcy Court to "enter an Order finding abandoned any portion of the debtor's inheritance asset from the late Arthur P. Scotchel [and] any causes of action formerly disclosed to the Trustee relating to the Estate of Arthur Scotchel not being pursued by the Trustee . . . ." (Dkt. No. 1-10 at 3). Through an objection to the motion, Martin P. Sheehan as Trustee of the Scotchels' bankruptcy estate (the "Trustee"), argued that the potential claims to Arthur Scotchel's estate carried value relative to both the Trustee and the Scotchels. Therefore, he urged that the claims should be preserved for the bankruptcy estate.

On June 3, 2014, the Bankruptcy Court held a hearing on, <u>inter alia</u>, the motion for abandonment. The Scotchels contended that the potential claims lacked any value in the hands of the bankruptcy estate, but would have some value if pursued by the Scotchels individually. The Trustee disagreed with that contention, and represented his intent to market the claims either to the Scotchels, to the executor of Arthur Scotchel's estate under the Third Will, or to his law firm as a distribution-in-kind for legal services rendered to the bankruptcy estate.[1]

---

[1] The bankruptcy estate is administratively insolvent.

**SHEEHAN v. SCOTCHEL, ET AL.**                                  **1:14CV197**

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

In August 2014, the Bankruptcy Court entered an Order granting the Scotchels' motion and ordering that "the bankruptcy estate's interest in the State Court litigation related to both the Fourth Will and the Third Will be and hereby [is] ABANDONED to Mr. Scotchel." (Dkt. No. 1-13 at 5). It described two distinct claims at issue: (1) an appellate claim challenging the jury's verdict invalidating the Fourth Will; and (2) a claim challenging the validity of the Third Will, which, if successful, would permit Mr. Scotchel to inherit under the Second Will. After thoroughly examining the viability and likelihood of success as to each of the two claims, the Bankruptcy Court concluded that, under § 554(b), both claims had "inconsequential value to the bankruptcy estate." Id. at 3.

In the captioned proceeding, the Trustee appeals the Order of the Bankruptcy Court. The scope of his appeal, however, is limited. As to the first claim identified by the Bankruptcy Court, the Trustee concedes that "[t]he Bankruptcy Estate lost its derivative claim" relative to the Fourth Will by failing to appeal the jury verdict. (Dkt. No. 3 at 3). Thus, the appeal concerns only the second potential claim -- a challenge to the validity of the Third Will (the "Third Will Claim").

**SHEEHAN v. SCOTCHEL, ET AL.**                                    **1:14CV197**

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT**

On appeal, the Court must determine whether the Bankruptcy Court abused its discretion in granting the Scotchels' motion for abandonment. See In re Johnston, 49 F.3d 538, 540 (9th Cir. 1995). "Under the abuse of discretion standard, the district court will not reverse the bankruptcy court unless its conclusion was 'guided by erroneous legal principles,' or 'rests upon a clearly erroneous factual finding.'" In re Yankah, 514 B.R. 159, 163 (E.D. va. 2014) (quoting Wesberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999)).

In this regard, the Trustee contests the Bankruptcy Court's conclusion that the Third Will Claim had inconsequential value to the bankruptcy estate. Notably, the Trustee frames the issue on appeal as whether "the Bankruptcy Court impermissibly substitute[d] its business judgment for the business judgment of the Trustee." Id. at 4. In response, the Scotchels urge the Court to adopt the reasoning of the Bankruptcy Court because "the Trustee was unable to articulate a sound business justification for effectively doing nothing since the conclusion of the jury trial [relating to the Fourth Will] other than espousing a variety of options that he might undertake." (Dkt. No. 5 at 6) (emphasis in original).

The Scotchels' concern regarding inaction by the Trustee to pursue or sell the claim is warranted in light of his statutory

4

obligation to "collect and reduce to money the property of the estate" as expeditiously as possible. 11 U.S.C. § 704(a)(1); In re Hutchinson, 5 F.3d 750, 754 (4th Cir. 1993). Although "the Code does not explicitly make trustees liable for breach of [this duty]," Hutchinson, 5 F.3d at 752, remedies can include the reduction of the trustee's commission, see In re Melenyzer, 140 B.R. 143, 157 (Bankr. W.D. Tex. 1992), and removal of the trustee. See Matter of Island Amusement, Inc., 74 B.R. 18, 20 (Bankr. D.P.R. 1987). Moreover, where a trustee acts outside his authority, a breach of duty "can result in personal liability." In re AB&C Grp., Inc., 411 B.R. 284, 295 (Bankr. N.D.W. Va. 2009) (citing Mosser v. Darrow, 341 U.S. 267 (1951); Yadkin Valley Bank & Trust Co. v. McGee, 819 F.2d 74, 76 (4th Cir. 1987)).

Typically, in evaluating whether a violation of § 704(a) has occurred, courts apply the so-called "business judgment rule," which affords trustees great discretion in carrying out their statutory duties. See, e.g., In re CHN Const., LLC, 531 B.R. 126, 132-33 (Bankr. E.D. Va. 2015) ("The chapter 7 trustee needs to be provided a substantial degree of discretion in determining how to most effectively administer the bankruptcy estate. The court should review the trustee's actions utilizing a business judgment standard.") (citations omitted); In re Consol. Indus. Corp., 330

B.R. 712, 715-16 (Bankr. N.D. Ind. 2005) ("To carry this burden [of showing cause for removal of the trustee] it will not be sufficient for it to prove that the trustee has failed to prosecute a cause of action belonging to the bankruptcy estate. Instead, it will be required to prove that the trustee's failure to do so is <u>unjustifiable</u> or somehow outside the proper scope of the trustee's business judgment.") (italics in original).

To be sure, the Scotchels have not asserted a violation of the Trustee's § 704(a) or fiduciary duties. Rather, they seek the remedy of abandonment under § 554(b), which provides: "On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." The question presented on appeal is whether, as in the context of statutory and fiduciary violations, courts must defer to the business judgment of trustees in determining whether to grant a party's request for abandonment.

The Trustee urges an affirmative answer to this question and, as support, cites <u>In re Wilson</u>, 94 B.R. 886 (Bankr. E.D. Va. 1989).[2] As in this case, the individual debtor in <u>Wilson</u> possessed

---

[2] Although the Trustee also mentions <u>In re Lehosit</u>, 344 B.R. 782 (Bankr. N.D.W. Va. 2006), he does not elaborate on how that decision supports his position in this litigation, and it is unclear to the Court how <u>Lehosit</u> applies here.

a potential cause of action and pursued abandonment by the bankruptcy trustee under § 554(b). Id. at 887. In contrast to this case, however, the trustee in Wilson did not object to abandonment because he had agreed with the debtor that the trustee would receive 35% of any recovery. Id. There, the objections to abandonment came from the defendants to the proposed lawsuit. Id. They argued that the cause of action was frivolous, and that, if the debtor obtained the rights to the claim through abandonment, his pursuit of it would require them to incur needless litigation expenses. Id. at 889.

Thus, in Wilson, the bankruptcy court faced a collateral attack by a third party on the trustee's decision to abandon the claim in exchange for a portion of any damages. In granting the debtor's motion for abandonment, the bankruptcy court addressed the pertinent issue as follows:

> These parties, the proposed defendants, contend that in view of the questionable validity of the debtor's claims, abandonment should be denied to prevent the needless expense of a frivolous law suit. We note, however, that the assertions disputing the debtor's cause of action, if true, would support a determination that the proposed litigation is of inconsequential value to the estate and, therefore, affirm rather than challenge the trustee's position.
>
> . . .
>
> It appears that the trustee here, while taking no position on the exact value of this cause of action, has

> made a determination that it would be in the best interests of the estate to consent to its abandonment, upon the condition that the estate would incur no cost but would receive 35% of the net profit from the debtor's prosecution of the claims himself. That decision is based upon the trustee's business judgment and, therefore, entitled to an affirmance by this Court unless the evidence presented indicates that there is a value or benefit to the estate from maintaining the claims, over and above that which would be obtained from the consent arrangement.

Id. at 889-90, 892.

Wilson presented a factual context in which, although the debtor had petitioned for abandonment under § 554(b), the real issue was the propriety of the trustee's decision to abandon the claim. As such, in reviewing that decision, the bankruptcy court "focus[ed] its examination upon the reasons underlying the trustee's determination" to decide whether they "reflect[ed] a business judgment made in good faith, upon a reasonable basis and with [sic] the scope of his authority under the Code." Id. at 888-89 (internal quotation marks and citation omitted).

In re Sullivan & Lodge, Inc., No. C03-588, 2003 WL 22037724 (N.D. Cal. Aug. 20, 2003), presented similar circumstances. There, the corporate debtor had potential causes of action against two law firms, and, after the bankruptcy trustee declined to pursue the litigation, the debtor moved for abandonment of the claims under § 554(b). Id. at *1. Critically, the trustee did not oppose

abandoning the claims to the debtor, but the two law firms did. Id. They argued that the claims were not of inconsequential value as evidenced by their $30,000 offer to purchase them from the estate. Id.

On appeal from the bankruptcy court's order granting the debtor's motion, the district court vacated and remanded the case. Id. at *5. It determined that the bankruptcy court had granted the motion based solely on the trustee's lack of opposition, without considering "the value of the cause of action to the estate" or "the basis for the trustee's nonopposition." Id. at *4. Therefore, the court concluded, "abandonment was compelled without the requisite showing that the asset in question was of inconsequential value and benefit to the estate, and without ascertaining that the trustee's determination to that effect 'reflect[ed] a business judgment made in good faith, upon a reasonable basis and within the scope of his authority under the Code.'" Id. (quoting Wilson, 94 B.R. at 888) (alteration in original).

Notably, although the debtor in Sullivan had moved for abandonment under subsection (b) of § 554, the district court also cited subsection (a), which provides a mechanism for a trustee to

9

abandon estate property on its own accord.[3] The court explained that, "[u]nder either subsection, abandonment is proper only when the party seeking abandonment can establish that the property at issue is burdensome or of inconsequential value and benefit to the estate." Sullivan, 2003 WL 22037724 at *4. Importantly, it cited Wilson for the proposition that the business judgment rule applies only "[w]hen the trustee requests or does not oppose a motion to compel abandonment." Id.

Here, the factual context differs markedly. The Trustee opposed, and continues to oppose, any judicially compelled abandonment of the Third Will Claim from the bankruptcy estate to Mr. Scotchel. This has resulted in a pure debtor-trustee dispute; none of the potential defendants to the claim has entered the fray. Consequently, the Trustee was not entitled to any deference based on a outsider's challenge to his administration of the claim.

Rather, the Bankruptcy Court was required to make the singular determination under § 554(b) whether the claim is "of inconsequential value and benefit to the estate," which it did after providing the parties an opportunity to present evidence and arguments as to the claim's value. In viewing the evidence and

---

[3] "After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." § 554(a).

arguments, it would have been fundamentally unfair for the Bankruptcy Court to have given more or less deference to either the Scotchels or the Trustee.

Based on the foregoing, the Court acknowledges the role of the business judgment rule in (1) evaluating a trustee's motion to abandon under § 554(a), and (2) evaluating a trustee's decision not to oppose a motion to abandon filed by a debtor under § 554(b). On the other hand, the rule does not apply where, as here, a debtor files a motion under § 554(b) and the trustee opposes it. In such a scenario, the only decision potentially reviewable under the business judgment lens is that of the trustee in maintaining the asset. That, however, is precisely the decision for which § 554(b) provides a challenge. And to replace the statutory standard of "inconsequential value and benefit" with the business judgment standard would constitute a misapplication of the law. For these reasons, the Court rejects the Trustee's argument.

Furthermore, the Court agrees with the Bankruptcy Court's finding that the Third Will Claim is of inconsequential value from the perspective of the bankruptcy estate. Because the estate is administratively insolvent, the Trustee does not intend to prosecute the claim, and he has been unable to engage outside counsel on a contingent fee basis. Moreover, the Trustee's efforts

to sell the claim to Mr. Scotchel and the executor of the Third Will have proven entirely unsuccessful.[4]  Finally, there is no indication that any administrative claimant to the estate is willing to forego its fees in exchange for the rights to the Third Will Claim.  These factual circumstances warrant a finding that the claim has inconsequential value to the estate.

In conclusion, the Bankruptcy Court did not err by failing to apply the business judgment rule.  Nor did it err in finding the Third Will Claim to be of inconsequential value to the bankruptcy estate.  Therefore, the Court **AFFIRMS** the Order of the Bankruptcy Court and **DISMISSES** this appeal.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: August 13, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[4] The Order of the Bankruptcy Court indicates that both parties rejected the Trustee's offer to sell the claim for $5000.